STEPHEN WARD MOSS, by his next friend, THELMA W. MOSS v. THE CITY OF WINSTON-SALEM, ISRAEL MITCHELL, and WOOD BROTHERS MANUFACTURING COMPANY.

(Filed 19 April, 1961.)

**1. Appeal and Error § 22—**

Where there is no exception or assignment of error to the findings of fact by the trial court, its findings are conclusive on appeal.

**2. Constitutional Law § 24:  Process § 13—**

The mere fact that a foreign corporation was the manufacturer of an implement which caused injury to a resident of this State because of alleged defect or absence of safety device, is alone insufficient predicate for service of process upon such corporation under G.S. 55-145 (a) (3) (4), the implement having been purchased by a resident of this State from an independent contractor and distributor of another State.

APPEAL by plaintiff from *Crissman, J.,* 13 February Civil Term 1961 of FORSYTH.

This is an action for personal injuries instituted on behalf of the plaintiff, a child ten years of age, by his duly appointed next friend.

This matter was heard below upon defendant Wood Brothers Manufacturing Company's special appearance and motion to quash the summons and purported service of process and to dismiss the action as to Wood Brothers Manufacturing Company (hereinafter referred to as defendant).

From a judgment quashing the attempted service of summons and amended complaint upon the defendant and dismissing the action for want of jurisdiction of the person of defendant, the plaintiff appeals, assigning error.

*Weston P. Hatfield, Clyde C. Randolph, Jr., for plaintiff appellant.
Hudson, Ferrell, Petree, Stockton & Stockton, for defendant appellee.*

Denny, J.   It is alleged in the complaint that the plaintiff was seriously injured on 4 September 1958 as a result of being struck by a piece of a bicycle handlebar, in Winston-Salem, Forsyth County, North Carolina, when a certain rotary mower, Model 80, manufactured by the defendant, owned by the defendant City of Winston-Salem, and operated by the defendant Israel Mitchell as agent and employee of the defendant City of Winston-Salem, encountered the piece of handlebar during the course of the operation of the mower and hurled it through the air with great force. It is alleged that the defendant was negligent in the manufacture and distribution of this power mower because the said defendant did not supply with or advise the need of a screen or safety guard to prevent the blades of the mower from picking up objects in its path and throwing them out through the rear of the machine.

Plaintiff purportedly obtained service of process upon the defendant under the provisions of section 55-145 of the General Statutes of North Carolina, relying upon paragraphs (3) and (4) of subsection (a), which provide as follows: "55-145: Jurisdiction over foreign corporations not transacting business in this State. — (a) Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, or any cause of action arising as follows: * * *

"(3) Out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers; or

"(4) Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

Summons was issued by the Clerk of the Superior Court of Forsyth County, North Carolina, directing the Sheriff of Wake County to summon the defendant by service on the Secretary of State of North Carolina, pursuant to the provisions of G.S. 55-146. It was

stated in the summons that "Wood Brothers Manufacturing Company is a corporation of the State of Illinois and maintaining its general office and place of business in the City of Oregon, Ogle County, Illinois, and is not registered to transact business in the State of North Carolina."

The return of the service dated 1 November 1960 shows service was made on the Secretary of State as provided by statute.

The defendant in apt time entered a special appearance and moved to quash the purported service of summons on said defendant and to dismiss the action as to said defendant on the ground that the purported service of process was ineffectual to subject it to the jurisdiction of the court, and in support of said motion the defendant introduced the affidavit of Keith S. Wood, President of said defendant, the affidavit of Dorothy Hines, Secretary-Treasurer of Farm Tractor Company, Winston-Salem, Forsyth County, North Carolina, and the affidavit of A. C. Shepherd, Purchasing Agent for the defendant City of Winston- Salem, Forsyth County, North Carolina.

In regard to the particular mower which allegedly caused the injury complained of, the trial court specifically found that: "On or about August 1, 1958, the Purchasing Agent of the City of Winston-Salem requested bids for a rotary 80-inch tractor-towed mower. (Six North Carolina firms were invited to submit bids.) The only firm to submit a bid on the mower was the Farm Tractor Company of Winston-Salem, North Carolina.

"On August 13, 1958, an order was placed by the City of Winston-Salem with Farm Tractor Company in Winston- Salem for the Model 80 Rotary Mower, which is the subject of this litigation.

"The entire transaction for purchasing the Rotary Mower was handled between the office of the Purchasing Agent of the City of Winston-Salem and Farm Tractor Company, Winston-Salem, North Carolina. No price quote was made by Wood Brothers Manufacturing Company to the City of Winston-Salem. No representative of Wood Brothers Manufacturing Company has ever called on the City of Winston-Salem with regard to any sale at any other time.

"Farm Tractor Company of Winston-Salem has never had any dealings with Wood Brothers Manufacturing Company, nor with any of its agents, employees or representatives. Farm Tractor Company purchased the mower from the Todd Company of Norfolk, Virginia. No representative or employee of Wood Brothers Manufacturing Company has ever called on Farm Tractor Company with regard to sales or service of equipment manufactured by Wood Brothers Manufacturing Company.

"Neither Wood Brothers Manufacturing Company nor any of its agents, officers, employees or representatives called on any person, firm or corporation in the State of North Carolina for the purpose of making the sale of the mower to the Farm Tractor Company, or to the City of Winston-Salem. Wood Brothers Manufacturing Company does not transact business in the State of North Carolina; defendant has not been present in the State of North Carolina."

The court further found that: "Defendant does not own, lease, operate or maintain any office or place of business in the State of North Carolina, and does not have any salesmen and did not have any salesmen at the time of this accident who called on customers in the State of North Carolina. Defendant does not have a listing in any telephone, public, city or other directory in the State of North Carolina. Defendant does not own, lease, possess or control any real property in the State of North Carolina.

"Defendant does not have any director, stockholder, managing or local agent performing any duties whatsoever in the State of North Carolina. Defendant does not have or authorize any person, firm or corporation to receive or collect payments of moneys for or on its behalf in the State of North Carolina. Defendant does not have any financial interest of any kind in any wholesale or retail dealer in the State of North Carolina, and does not own, lease, operate or maintain any office or place of business in the State of North Carolina. Such goods of defendant as are distributed in the State of North Carolina are sold by defendant to the Todd Company of Norfolk, Virginia. Todd Company is an independent contractor and distributor. Defendant does not own any interest or stock in the Todd Company."

The trial court concluded that the defendant had insufficient ties or connections with the State of North Carolina to be subjected to its jurisdiction in this case. The court also concluded that if section 55-145 of the General Statutes of North Carolina authorized service of process upon this defendant, it would subject the defendant to a judgment in *personam* in such a case and would deprive the defendant of its property without due process of law; deny it the equal protection of the law under the United States Constitution and the North Carolina Constitution; and would unreasonably obstruct and unduly burden interstate commerce.

The findings of fact by the court below are not challenged by any exception or assignment of error, hence they are binding on appeal. *Goldsboro v. R.R.*, 246 N.C. 101, 97 S.E. 2d 486; *James v. Pretlow,*

242 N.C. 102, 86 S.E. 2d 759; *Beaver v. Paint Company,* 240 N.C. 328, 82 S.E. 2d 113.

We have carefully considered the exceptions and assignments of error set out in the record and in our opinion they present no prejudicial error.

In *Putnam v. Triangle Publications, Inc.,* 245 N.C. 432, 96 S.E. 2d 445, in an exhaustive opinion by *Parker, J.,* we held the defendant had "no contacts, ties, or relations with the State of North Carolina, so as to make it amenable to service of process from the Courts of the State for the purpose of a judgment in *personam.*" There, the defendant Triangle Publications, Inc., had sold certain magazines and newspapers to eighteen independant wholesale news dealers in North Carolina. The sales were made by delivering the publications to common carriers in States other than in North Carolina. Legal ownership and title to the publications passed from the defendant to these independant wholesalers upon their delivery by the defendant to the common carriers.

In the present case, the findings of the court below are to the effect that the defendant sold the mower in question to the Todd Company, an independant contractor and distributor of Norfolk, Virginia. The unchallenged findings of fact show that the defendant has not had any contacts in the State of North Carolina that could make it amenable to process from the courts of North Carolina for the purpose of a judgment in *personam.*

In our opinion, the facts revealed by the record herein are controlled by the decision in the *Putnam* case, and on authority thereof the ruling of the court below is

Affirmed.