BARBARA JEAN FARMER, MINOR, BY HER NEXT FRIEND, W. H. FARMER, SR. v. NELSON FERRIS, RUTH FERRIS, CARL D. FERRIS, AND KING AMUSEMENT COMPANY, INC.

(Filed 11 December 1963.)

**1. Trial § 6—**

A stipulation by the parties is a judicial admission and binding upon them.

**2. Appeal and Error § 49—**

The findings of fact by the court upon the hearing of a motion to quash service and dismiss the action and cross action against defendant are conclusive on appeal if supported by competent evidence, notwithstanding that there may be evidence *contra*.

**3. Constitutional Law § 24; Process § 13—**

Whether a foreign corporation has sufficient contacts within the state of the forum to subject it to service of process in an action *in personam*, and whether the manner of service is a reasonable method of notification to it of the action, present a question of due process which must be decided in accordance with the decisions of the Supreme Court of the United States upon the facts of each particular case upon the basis of what is fair and reasonable and just under the circumstances.

**4. Same— Evidence held to support findings that foreign corporation was doing business in the State so as to subject it to service of process by service on Secretary of State.**

Evidence tending to show that a nonresident corporation, engaged in the business of selling amusement parks rides and devices, advertised its wares through the mails and in a magazine of general circulation in this State, that as a result of such advertising it sold, over a period of some four years, 27 shipments of goods to various customers in this State, that it delivered the amusement ride in question to the purchaser in this State by its truck operated by its employee, and invoked the protection of the laws of this State by having the conditional sales contract securing the balance of the indebtedness recorded in this State, etc., and that the action in suit arose out of an alleged defective weld performed by the corporation in reconditioning the ride for sale, with cross action by the resident defendants on the ground that the nonresident corporation was primarily liable, *is held* sufficient to support the court's finding that the corporation had sufficient contacts in this State, within the purview of G.S. 55-144, to render it amenable to service of process by service on the Secretary of State, G.S. 55-146, and such service upon the Secretary of State who forwarded the summonses, complaint, and cross action by registered mail to it, does not violate due process of law. Fourteenth Amendment to the Constitution of the United States and Article I, § 17, of the Constitution of North Carolina.

**5. Courts § 20—**

Where an act performed in another state in reconditioning machinery in a defective manner results in injury to a person in this State in the use of such machinery, the place of the wrong is in this State.

APPEAL by defendant King Amusement Company, Inc., from *Parker, Joseph W., J.,* April 1963 Session of NEW HANOVER.

Civil action to recover damages for personal injuries allegedly caused by defendants' actionable negligence when a secondhand or used mechanical swing or ride known as a "Merry Mixer," sold and delivered to the individual defendants by the corporate defendant and operated by the individual defendants as partners, in which plaintiff was riding as a paying customer, collapsed due to a defective weld that weakened the shaft supporting a section of seats on the ride, thereby throwing plaintiff from her seat to the ground, heard upon King Amusement Company's two special appearances and motions to quash the service of summons and complaint upon it, and to quash the service of the cross action of the individual defendants upon it, and of the order making it a defendant to the individual defendants' cross action, and to dismiss plaintiff's action and the individual defendants' cross action against it.

From an order denying King Amusement Company's motions, it appeals.

*Carter, Murchison, Fox & Newton by James C. Fox for King Amusement Company, Inc., defendant appellant.*

*Aaron Goldberg for plaintiff appellee.*

*James, James & Crossley by John F. Crossley for Nelson Ferris, Ruth Ferris and Carl D. Ferris defendant appellees.*

PARKER, J. The trial judge heard the motions upon thirteen stipulations by the parties, and upon evidence, made elaborate findings of fact and conclusions of law, and rendered an order as set forth above. It appears from the record that the individual defendants as partners operate an amusement business at Carolina Beach, North Carolina, consisting of the operation of mechanical swings and rides.

This is a summary of the judge's crucial findings of fact:

The King Amusement Company, Inc., of Mt. Clemens, Michigan, is a foreign corporation, which has never been domesticated in North Carolina, has never been authorized to do business in this State, and has never appointed an agent for service of process upon it in this State. This action was instituted 26 April 1962, and summons was issued and served upon the Secretary of State of North Carolina. (The following does not appear in the order, but it does in the stipulations by the parties: The summons served on the Secretary of State was forwarded next day by him by registered mail to King Amusement Company. The complaint was later served on the Secretary of State, who

forwarded it by registered mail to King Amusement Company.) The individual defendants duly filed an answer to the complaint, in which they alleged a cross action against King Amusement Company based upon averments of primary negligence arising out of the breach of implied and express warranties, which was also served upon the Secretary of State. (This appears in the stipulations by the parties and not in the order: An order was entered by the court making King Amusement Company a party defendant to the cross action filed against it by the individual defendants, and a copy of this order, a summons, a copy of the answer and cross action of the individual defendants, and a copy of the original summons and of the complaint were served upon the Secretary of State and sent by him by registered mail to King Amusement Company.)

For some years prior to the institution of this action, King Amusement Company has sent through the mails three or four times a year to amusement park operators in North Carolina mimeographed lists of amusement rides and amusement park devices for sale, both new and used, with the prices listed thereon, thereby soliciting orders. During the same period it has advertised in BILLBOARD, a magazine with a general circulation in the United States and in North Carolina.

From 24 March 1958 through 26 April 1962, the date of the institution of this action, King Amusement Company, as a result of such advertising, sold 27 shipments of goods to various customers in North Carolina. The purchases were made by mail or telephone call. Since that time sales and shipments to people in North Carolina have continued. There were sales and shipments prior to 1958. The sales prices of these various shipments have ranged from a low of $2 to a high of $12,000. The prices of several shipments were in excess of $1,000 a shipment. These various shipments were by parcel post, air and railway express, railway freight, and by King Amusement Company using its own truck driver and representative. King Amusement Company delivered an amusement ride on 20 July 1953. It delivered on 17 December 1959 the "Merry Mixer" here. Since the institution of this action, it, by its representative David Hartway, has delivered three amusement rides to Atlantic Beach, North Carolina.

Defendant Carl Ferris saw at Carolina Beach an advertisement of King Amusement Company in which the "Merry Mixer" here was offered for sale. Whereupon, he talked by telephone with W. O. King, president of King Amusement Company. During the conversation King, acting for King Amusement Company, offered to sell the "Merry Mixer" for a price of $12,000, to be delivered at Carolina Beach, North Carolina. Carl Ferris accepted the offer. In December 1959 Carl Ham-

mond, a truck driver of King Amusement Company, delivered the "Merry Mixer" to the individual defendants at Carolina Beach, North Carolina, and the individual defendants Carl D. Ferris and Nelson L. Ferris executed a conditional sales contract for the "Merry Mixer," which was sent back to King Amusement Company in Michigan and is recorded in New Hanover County, North Carolina. This was the "Merry Mixer" which collapsed on 20 June 1960, thereby injuring plaintiff.

King Amusement Company was prior to 22 December 1959, and now is, one of the largest concerns selling and delivering new and used rides in North Carolina. On and before 5 October 1959 there were King Amusement Company designed and built rides in North Carolina as follows: one or more at White Lake, one or more at Carolina Beach, two or more just outside Monroe, one or more near Asheville, and one or more near Boone. Further, there were and are other rides in North Carolina not manufactured by King Amusement Company, but rebuilt by it and sold and delivered by it in North Carolina.

At the commencement of the present action, the sole property owned by King Amusement Company in North Carolina, or in which it had an interest, consisted of indebtedness due from its North Carolina customers and conditional sales contracts executed by its North Carolina customers like the one here.

Based upon his findings of fact, the trial judge made the following conclusions of law:

"1. Service of process was had upon the defendant King Amusement Company, Inc., in this case in full compliance with the procedural requirements of G.S. 55-146 as authorized by G.S. 55-145, both as to service of the original action and also as to the cross action by the defendants Ferris.

"2. That the cause of action stated in the complaint against King Amusement Company, Inc. arises out of a transaction which falls within the terms of G.S. 55-145(a), (2), (3) and (4) and accordingly the service which was had in this case under G.S. 55-146 brought the defendant King Amusement Company within the jurisdiction of this Court for purposes of an in personam judgment.

"3. The cause of action stated in the cross action against King Amusement Company, Inc. arises out of a transaction which falls within the terms of G.S. 55-145(a) (1) as well as (2), (3) and (4) and the service under G.S. 55-146 brought the defendant King Amusement Company, Inc. within the jurisdiction of this Court for purposes of an in personam judgment under such cross action.

"4. The activities which the King Amusement Company, Inc. has carried on in this State have been throughout the period in question regular, systematic and continuous and have resulted in a substantial volume of interstate business between said Company and persons in this State.

"5. The causes of action stated in the complaint and in the cross action against King Amusement Company, Inc. arise out of the activities of the said company referred to in the preceding paragraph.

"6. The activities of the King Amusement Company, Inc. carried on in North Carolina as above found establish such direct, substantial and uninterrupted contacts by that Company with this State as to make it reasonable and just for this Court to exercise its jurisdiction over said Company in this case as authorized by G.S. 55-145 and G.S. 55-146.

"7. Under all the facts before this Court, no right of the King Amusement Company, Inc. under the Fourteenth Amendment to the United States Constitution or under Article I, Section 17, of the North Carolina Constitution, will be violated by this Court's exercise of the jurisdiction conferred upon it by G.S. 55-145 over said Company."

Whereupon, the trial judge decreed that King Amusement Company's two motions to quash the service of summons and the complaint upon it, and to quash the service of the cross action by the individual defendants upon it and of the order making it a defendant, and to dismiss the action and the cross action against it be overruled, and that it be allowed thirty days from the date of the order within which to answer or otherwise plead to the complaint and to the individual defendants' cross action.

Appellant assigns as error all the findings of fact, except the finding of fact that it is a foreign corporation, which has never been domesticated in North Carolina, has never been authorized to do business in this State, and has never appointed an agent for service of process upon it in this State.

The trial judge heard appellant's two motions upon thirteen stipulations by the parties, and upon affidavits offered by the parties. A stipulation by the parties is a judicial admission, and binding upon them. *Moore v. Humphrey*, 247 N.C. 423, 101 S.E. 2d 460. The challenged findings of fact find support in the stipulations entered into by the parties and in the evidence offered by the parties, except as follows: The trial judge found as a fact that King Amusement Company "war-

ranted the ride to be in good condition when delivered." The affidavit of Carl D. Ferris is to the effect he, at Carolina Beach, North Carolina, saw an advertisement of King Amusement Company in which it advertised a "Merry Mixer" for sale, that he called it by telephone and talked to W. O. King, its president, in Michigan, that they discussed price and terms and delivery, and W. O. King made him a price including delivery to Carolina Beach, North Carolina, and he accepted his offer; that King Amusement Company mailed him the contract of sale and a conditional sales contract, which he and his son signed and mailed it back to King Amusement Company; that it and its agents guaranteed to them that the ride was in good condition when it was sold to them. This variance between the finding of fact and the evidence is not material on this appeal. Further, the trial judge found as a fact that at the commencement of this action the sole property owned by King Amusement Company in North Carolina, or in which it had an interest, consisted of indebtedness due from its North Carolina customers and conditional sales contracts executed by its North Carolina customers like the one here. There is no evidence in the record to show that at the commencement of this action any of its customers in North Carolina owed it anything, with the possible exception of the individual defendants, or that it held any conditional sales contracts in North Carolina, with the possible exception of the one here. It introduced in evidence the conditional sales contract here executed by two of the individual defendants, which instrument is duly registered in New Hanover County, North Carolina. The third affidavit of W. O. King, president of King Amusement Company, is to the effect that the conditional sales contract here was purchased by the Funds for Business Company of New York City and had been transferred to it. His affidavit does not state that it was transferred without recourse. It is familiar learning that the findings of fact here are conclusive, if supported by competent evidence, notwithstanding that there be evidence *contra.* Strong's N. C. Index, Vol. 4, Trial, sec. 57, p. 365.

The essential question for decision is: Do the findings of fact of the trial judge, which are supported by competent evidence, show that King Amusement Company, which is not present within the territory of the forum, has sufficient minimum contacts with the state of the forum, and that there has been a reasonable method of notification to it of this suit, so that the maintenance in the State Court of this suit *in personam* against it and the maintenance of the cross action *in personam* in this suit against it are not prohibited by the "due process" clause of the Fourteenth Amendment to the United States Constitution, and do not offend "traditional notions of fair play and substantial

justice?" This question must be decided in accord with the decisions of the United States Supreme Court. *Putnam v. Publications,* 245 N.C. 432, 96 S.E. 2d 445; *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95, 161 A. L. R. 1057; *McGee v. International Life Ins. Co.,* 355 U.S. 220, 2 L. Ed. 2d 223.

Whether the type of activity conducted within the State is adequate to satisfy the requirements depends upon the facts of the particular case. *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 445, 96 L. Ed. 485, 492. It seems, according to the most recent decisions of the United States Supreme Court, that the question cannot be answered by applying a mechanical formula or rule of thumb, but by ascertaining what is fair and reasonable and just in the circumstances. In the application of this flexible test, a relevant inquiry is whether defendant engaged in some act or conduct by which it may be said to have invoked the benefits and protections of the law of the forum. *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298; *International Shoe Co. v. Washington, supra,* U.S. p. 319, L. Ed. p. 104.

In *McGee v. International Life Ins. Co., supra,* the question involved was the jurisdiction of California over a Texas insurance company for the purpose of suit on a contract of insurance. In this case, the nonresident defendant solicited a re-insurance agreement with a resident of California. The offer was accepted in that State and the insurance premiums were mailed from there until the insured's death. It appeared that neither the defendant nor the Empire Mutual Insurance Company, an Arizona corporation, whose insurance obligations defendant assumed, had ever had any office or agent in California. And so far as the record disclosed defendant had never solicited or done any insurance business in California apart from the policy involved in this case. Although the "systematic and continuous activity" of the *International Shoe Company* case was not present, the Court, noting the interest California has in providing effective redress for its residents when nonresident insurers refuse to pay claims on insurance they have solicited in that State, upheld jurisdiction of the California court because the suit "was based on a contract which had substantial connection with that State." In this case the Court commented on the trend toward expanding State jurisdiction over nonresidents, stating that:

> "In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of busi-

ness conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."

In speaking of this trend, in *Hanson v. Denckla, supra,* U.S. p. 251, L. Ed. p. 1296, the Court said:

"But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts."

The crucial findings of fact here, which are supported by competent evidence, show the following substantial contacts of King Amusement Company with North Carolina: It is one of the largest concerns selling new and used rides in North Carolina. For some years prior to the institution of this action it has sent through the mails three or four times a year to amusement park operators in North Carolina mimeographed lists of amusement rides and amusement park devices, both new and used, with the prices listed thereon, thereby soliciting orders. During this period it has advertised in BILLBOARD, a magazine with a general circulation in the United States and in North Carolina. Appellant's contention that by such advertising it did not solicit orders and sales in this State is not realistic. It is inconceivable that appellant spent money in advertising its products for sale for any purpose other than to solicit sales and orders. In *Frene v. Louisville Cement Co.,* 134 F. 2d 511, 516, the Court very aptly said: "Solicitation is the foundation of sales. Completing the contract often is a mere formality when the stage of 'selling' the customer has been passed. No business man would regard 'selling,' the 'taking of orders,' 'solicitation' as not 'doing business.' The merchant or manufacturer considers these things the heart of business."

From 24 March 1958 through 26 April 1962, appellant sold 27 shipments of goods to various customers in North Carolina as a result of such advertising. The purchases were made by mail or telephone call. The sales prices of these shipments varied from $2 to $12,000. These various shipments were made by parcel post, air and railway express, railway freight, and by appellant's own truck drivers. According to a schedule attached to the first affidavit of appellant's president, appellant's truck driver, Carl Hammond, delivered the "Merry Mixer" to the individual defendants at Carolina Beach, North Carolina. According to appellant's evidence, appellant had the conditional sales contract, securing an indebtedness of $12,150 (there was a down payment

of cash in the amount of $3,000) to it by the individual defendants for the purchase of this "Merry Mixer," duly recorded in the public registry of New Hanover County, North Carolina, thereby invoking the benefits and protection of the law of this State. A schedule attached to the second affidavit of appellant's president shows that appellant on 7 August 1962 delivered to Sam Prell, Atlantic Beach, North Carolina, by its truck driver David Hartway, one kiddie circus train, one kiddie utility fire engine, and one kiddie utility boat, and the amount of sale was $8,000.

The suit was brought on the ground that the "Merry Mixer" while in operation by the individual defendants at Carolina Beach, North Carolina, collapsed due to a defective weld that weakened the shaft supporting a section of seats on the ride, thereby proximately causing plaintiff's injuries. The complaint alleges, *inter alia*, that King Amusement Company had negligently welded the shaft and nuts thereon, and that plaintiff's injuries were suffered as a proximate result thereof. The alleged wrong in the instant case did not originate in the conduct of a servant or agent of appellant present in North Carolina, but arose instead from acts performed where appellant did the aforesaid welding. Only the consequences to plaintiff occurred in North Carolina. It is apparently well established, however, that in law the place of a wrong is in the State where the last event takes place which is necessary to render the actor liable for an alleged tort. Restatement, Conflict of Laws, sec. 377; *Gray v. American Radiator and Standard Sanitary Corp.*, 22 Ill. 2d 432, 176 N.E. 2d. 761.

The cross action of the individual defendants alleges in substance that if they are liable for plaintiff's injuries, then King Amusement Company is primarily liable.

We have far more in this case than the solicitation of orders in one state for acceptance in another, contemplating interstate shipment of goods.

We think it is apparent that King Amusement Company has sufficient minimum contacts, in fact substantial contacts, with North Carolina, and that there has been a reasonable method of notification to it of this suit and of the cross action therein by the individual defendants, so that the maintenance of this suit *in personam* against it and the maintenance of this cross action *in personam* against it in the North Carolina Court are not prohibited by the "due process" clause of the Fourteenth Amendment to the Federal Constitution, and do not offend "traditional notions of fair play and substantial justice," and are not inhibited by Article I, section 17, of the State Constitution. The Illinois and Minnesota Supreme Courts in the following cases involving a sub-

stantially similar factual situation have held that the State Court had jurisdiction over a foreign corporation: *Gray v. American Radiator and Standard Sanitary Corp., supra; Adamek v. Michigan Door Company*, 260 Minn. 54, 108 N.W. 2d 607. See *Smyth v. Twin State Improvement Corp.*, 116 Vt. 569, 80 A. 2d 664, 25 A. L. R. 2d 1193, and annotation thereto; *Nelson v. Miller*, 11 Ill. 2d 378, 143 N.E. 2d 673; *McMahon v. Boeing Airplane Co.*, 199 F. Supp. 908. *Moss v. Winston-Salem*, 254 N.C. 480, 119 S.E. 2d 445, relied on by appellant is easily factually distinguishable. Little purpose can be served by discussing other cases in detail, since the existence of sufficient "contact" with the state of the forum depends upon the particular facts in each case.

We conclude that the State Court has jurisdiction over King Amusement Company for the purpose of the maintenance of this suit and of the cross action therein by the individual defendants, by virtue of the relevant provisions of G.S. 55-145 as specified in the trial judge's order. The crucial findings of fact supported by competent evidence support the judge's conclusions of law, which are correct, and they in turn support his order. Appellant's assignments of error to all the findings of fact, which are supported by competent evidence, and to all the conclusions of law and to the order are overruled. The order below is

Affirmed.