STATE OF NORTH CAROLINA v. CATHERINE MURCHINSON

No. 7213SC836

(Filed 23 May 1973)

1. **Criminal Law § 78— stipulations**

    A stipulation is a judicial admission and ordinarily is· binding on the parties.

2. **Criminal Law § 78— stipulation signed by defendant — reading to jury — failure to show circumstances of signing**

    In a prosecution for possession of heroin and possession of a hypodermic syringe and needle for the purpose of administering a controlled substance, the trial court erred in permitting the solicitor over defendant's objection to read to the jury a stipulation · signed

State v. Murchinson

by defendant that an analysis of the contents of a syringe and bottle cap found in her possession showed they contained heroin where the State showed only that defendant signed the stipulation on some previous occasion before another judge but made no further showing as to the circumstances under which it was signed, there being no showing as to whether defendant signed the stipulation in open court or in chambers, whether she was then represented by counsel or whether she knowingly and intelligently waived her right to counsel.

APPEAL by defendant from *Hall, Judge,* 14 August 1972 Session of Superior Court held in BLADEN County.

Defendant was charged with (1) felonious possession of a controlled substance, heroin, and (2) unlawful possession of a hypodermic syringe and needle for the purpose of administering a controlled substance. (A third charge of unlawful possession of marijuana was nonsuited and is not involved on this appeal.) Defendant pled not guilty to all charges. The State's evidence showed: After obtaining a search warrant, the validity of which is not questioned on this appeal, SBI agents and local officers went to defendant's home, where they arrived about 7:30 p.m. On proceeding into the house, the officers found six or seven men in the front room. SBI Agent Richardson went immediately to the bedroom, opened the door, and found defendant and two other persons in the room. Defendant had a needle and syringe in her hand. One of the other occupants of the room was wiping his arm with a kleenex. Defendant turned and put the needle and syringe in her bra. Agent Richardson asked defendant to come with him and took her to the kitchen. Someone called him from the other room, and when he turned his head, defendant went around a partition in the wall. He followed and saw her take the needle and syringe out of her bra and place them on a television table along with a roll of money. Agent Richardson picked up the needle and syringe and defendant came back and got the money. On the television table there was also found a bottle cap which had a smutty residue in the bottom. The needle and syringe were introduced in evidence as State's Exhibit No. 2 and the bottle cap was introduced in evidence as State's Exhibit No. 6.

On the basis of a stipulation which had been signed by the defendant prior to the trial and which is more fully discussed in the opinion, the trial court permitted the solicitor, over defendant's objections, to read to the jury portions of a report of an analysis of "a colorless liquid submitted as Item

1" and of "the bottle cap submitted in Item 2" which showed that both items contained heroin. In reading from the report, the solicitor stated to the jury that "Item 1 is State's Exhibit No. 2" and "Item 2 . . . is State's Exhibit No. 6." These statements of the solicitor were not challenged.

Defendant did not introduce evidence. The jury found her guilty of possessing heroin and guilty of possessing a hypodermic syringe and needle for the purpose of administering controlled substances. From judgments imposing prison sentences in each case, defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Jean A. Benoy for the State.*

*Moore & Melvin by Reuben L. Moore, Jr., for defendant appellant.*

PARKER, Judge.

Over defendant's objection, the court permitted the solicitor to read to the jury the following stipulation which was signed by the defendant:

"I stipulate and agree that T. H. McSwain if present would testify as to the results of analysis contained above. I further stipulate that said analysis is correct and I agree that this analysis shall be received in evidence without further authentication."

The record does not indicate that the entire report of the analysis, which is referred to in the stipulation as the "analysis contained above," was introduced in evidence and there is no copy of the report in the record on this appeal. Over defendant's objections the solicitor was permitted to read to the jury portions of the report which stated that an "analysis of a portion of a colorless liquid submitted as Item 1" and "analysis of the bottle cap submitted as Item 2" showed that both contained heroin. Insofar as the record before us indicates, the only connection made between the "Items" referred to in the report of the analysis and the State's exhibits introduced at the trial came as result of the solicitor's statements. These statements, however, were not challenged at the trial and in their brief on this appeal defendant's attorneys state: "The solicitor read into evidence a stipulation signed by the defendant which stipulated that the syringe contained the controlled substance

heroin and that the bottle cap contained the controlled substance heroin. . . . " Accordingly, for purpose of deciding the principal question presented by this appeal, we will accept the record as adequately showing that the "analysis contained above," as referred to in the stipulation, was an analysis of the articles, or more correctly an analysis of the contents of the articles, introduced in evidence as State's Exhibits 2 and 6 and which the State's evidence indicated were found in defendant's possession.

[1]   A stipulation is a judicial admission and ordinarily is binding on the parties who make it. *Farmer v. Ferris,* 260 N.C. 619, 133 S.E. 2d 492. "A stipulation of fact is an adequate substitute for proof in both civil and criminal cases." *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476. "Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence." 2 Stansbury's North Carolina Evidence, Brandis Revision, § 166, p. 1. The making of stipulations as to facts about which there can be no dispute is to be encouraged as a proper means of expediting trials in both criminal and civil cases. The holding of a pretrial conference in criminal cases to consider, among other matters, the advisability of making such stipulations has been recommended in the American Bar Association Standards for Criminal Justice. See: Standards Relating to Discovery and Procedure Before Trial, § 5.4(a). Those Standards further provide, however, that admissions, by the accused "should bind the accused only if included in the pretrial order and signed by the accused as well as his attorney." § 5.4(b).

[2]   The record in the case now before us is silent concerning the circumstances under which the stipulation set forth above was signed by the defendant, except for the following:

"MR. GREER (the Solicitor) : Your Honor, at this time I would like to read a stipulation.

"MR. MOORE (Defense Counsel) : Your Honor, we object to the reading of a stipulation.

"MR. GREER: Your Honor, the stipulation is signed by the defendant.

"THE COURT: Before I rule on the objection, did she sign the stipulation?

"Mr. Moore: Yes, sir, Your Honor.

"Mr. Greer: Yes, sir. She signed it on the 19th of April, 1972, before James H. Bailey, Judge Presiding.

"The Court: I am going to overrule the objection."

Other than the above, the record is barren as to the events occasioning the signing of the stipulation. Defendant was arrested in February 1972 on the charges upon which she was tried in August 1972. What the occasion was and why she appeared before Judge Bailey and signed the stipulation on 19 April 1972 does not appear. Whether this occurred in open court or in chambers is not disclosed. Whether she was then represented by and received advice of counsel, or if not, whether she signed the stipulation after knowingly and intelligently waiving her right to counsel, is not known. What is clear is that in the stipulation the defendant admitted one of the essential facts which it was necessary for the State to establish in order to convict her of the offenses with which she was charged. In our opinion, and we so hold, it was error for the trial court to overrule defendant's objections to the reading of the stipulation to the jury upon the mere showing that she had signed the stipulation on some previous occasion before another judge without any further showing as to the circumstances under which it was signed. For this purpose the holding of a voir dire examination from which the trial court could make findings of fact would seem the proper method to determine the facts and circumstances under which the stipulation was signed. It may well be that after such an investigation is had and factual findings are made it will be found that the stipulation is properly binding on the defendant. That determination cannot be made in the absence of such findings. For failure of the trial court to make such findings, defendant is entitled to a new trial.

Defendant's motions for nonsuit were properly overruled. While it is true as defendant contends that absent the stipulation the State failed to show that she possessed heroin, it is the admitted evidence, whether competent or incompetent, which must be considered in passing on motions for nonsuit. *State v. Virgil,* 263 N.C. 73, 138 S.E. 2d 777.

New trial.

Judges Britt and Vaughn concur.