PAUL CONSIDINE v. WEST POINT DAIRY PRODUCTS, INC.

No. 9216SC648

(Filed 3 August 1993)

Courts § 16 (NCI4th)— nonresident defendant—no in personam jurisdiction—stream of commerce theory inapplicable—insufficient minimum contacts

Defendant Nebraska company which sent a shipment of its butter to a North Carolina buyer could not be subject to personal jurisdiction in North Carolina since the "stream of commerce" theory applies only to products liability cases, but this was a personal injury action based on the alleged incident of negligence in loading butter onto a truck in Nebraska; there were insufficient contacts with North Carolina to permit personal jurisdiction in that plaintiff was not a resident of North Carolina; plaintiff's claim alleged a single incident of negligence which occurred in Nebraska; defendant was a nonresident corporation which neither owned nor rented any property in North Carolina; the company never solicited or sold any of its dairy products directly in North Carolina; and defendant's only connection with North Carolina was the sporadic resale of its product by an independent third party.

Am Jur 2d, Process § 305.

CONSIDINE v. WEST POINT DAIRY PRODUCTS

[111 N.C. App. 427 (1993)]

Appeal by Plaintiff from Order entered 20 April 1992 by Judge William C. Gore, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 14 May 1993.

*McLean, Stacy, Henry & McLean, P.A., by Robert C. Slaughter, III, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, P.A., by P. Scott Hedrick, for defendant-appellee.*

LEWIS, Judge.

Plaintiff-appellant, Paul Considine, is a Florida resident who was employed as a truck driver trainer in June 1988. Plaintiff's trucking company was hired by a third party broker, Bert Lewis of Oakbrook, Illinois, to transport his bulk purchase of butter from defendant's Nebraska dairy to Lewis' subsequent buyers, the Campbell Soup Company in Maxton, North Carolina. Defendant-appellee, West Point Dairy Products, Inc., is a Nebraska corporation which neither owns nor rents any property in North Carolina. The only issue before us is whether or not defendant can be subject to personal jurisdiction in North Carolina.

On approximately 6 June 1988 plaintiff and a trainee drove to the West Point dairy to haul the load of butter from defendant's plant. A substantial number of boxes were loaded by the dairy employees onto the truck. After receiving the bill of lading from defendant, plaintiff and the trainee drove the truck with the loaded cargo to the North Carolina destination. Upon arrival at the Campbell Soup Company plant on 9 June 1988, Campbell Soup informed plaintiff that it would not accept the boxes unless they were secured with plastic wrap. Plaintiff was injured when several boxes fell on him during his attempt to restack the boxes in order to secure them.

Plaintiff commenced this action on 3 June 1991, alleging that the negligent loading of the truck by defendant's employees was the proximate cause of his injuries and damages. Defendant filed an answer and a motion to dismiss, asserting lack of personal jurisdiction over defendant pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure. On 20 April 1992 the motion to dismiss was granted.

**CONSIDINE v. WEST POINT DAIRY PRODUCTS** ·

[111 N.C. App. 427 (1993)]

In order to establish *in personam* jurisdiction over a nonresident defendant a two part test must be satisfied. *United Buying Group, Inc. v. Coleman*, 296 N.C. 510, 513, 251 S.E.2d 610, 613 (1979). First, it must be determined whether a North Carolina statute allows the exercise of jurisdiction over the defendant. *Id.* The parties in the instant case have agreed that long arm jurisdiction under G.S. 1-75.4(4)(b) is applicable and is therefore not at issue. We will examine the second part of the inquiry, as to whether or not assertion of personal jurisdiction over the defendant is consistent with constitutional fairness and due process. *Id.* This analysis involves questions of minimum contacts, purposeful availment, and the stream of commerce.

The requirements for the exercise of personal jurisdiction over a nonresident defendant are set forth in the frequently cited United States Supreme Court case of *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95 (1945), where the Court held:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Id.* at 316, 90 L. Ed. at 102. The satisfaction of minimum contacts depends on the facts of each case, and a court must "ascertain[ ] what is fair and reasonable and just in the circumstances." *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 679, 231 S.E.2d 629, 632 (1977) (quoting *Farmer v. Ferris*, 260 N.C. 619, 625, 133 S.E.2d 492, 497 (1963) ). There is no mechanical formula employed to determine whether "minimum contacts" exist. *Id.* at 679, 231 S.E.2d at 632. However, the North Carolina Supreme Court has provided some guidance in cases involving nonresident plaintiffs. In *Dillon* the Court cited *Ratliff v. Cooper Laboratories, Inc.*, 444 F.2d 745 (4th Cir.), *cert. denied*, 404 U.S. 948, 30 L. Ed. 2d 265 (1971), for the proposition that:

> wherein plaintiff was not a resident of the forum state and the claim for relief arose from activities not occurring in the forum state, defendant's contacts with the forum must be "fairly extensive."

*Dillon*, 291 N.C. at 677, 231 S.E.2d at 631 (citing *Ratliff*, 444 F.2d at 748).

Furthermore, defendant must act to "purposely avail[ ] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298 (1958). Without this purposeful activity in the State by the defendant, personal jurisdiction cannot be justified due to lack of sufficient contacts. *See United Buying Group, Inc. v. Coleman*, 296 N.C. 510, 515, 251 S.E.2d 610, 614 (1979).

Plaintiff contends that defendant may be subject to personal jurisdiction here because defendant entered its product into the "stream of commerce," as set forth by the United States Supreme Court in *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L. Ed. 2d 490 (1980). Plaintiff argues that this theory applies because defendant knew its product was going to North Carolina, evidenced by the fact that defendant filled out the bill of lading to North Carolina. Also, according to plaintiff, 21 other shipments of butter from defendant's dairy had found their way to North Carolina.

We agree with the trial court that the "stream of commerce" analysis does not apply here. The cases which have applied the stream of commerce theory have been products liability cases, wherein a potentially defective and dangerous product has been injected into the stream of commerce. *See, e.g., Cox v. Hozelock, Ltd.*, 105 N.C. App. 52, 411 S.E.2d 640, *disc. rev. denied and appeal dismissed*, 331 N.C. 116, 414 S.E.2d 752, *and cert. denied*, 113 S. Ct. 78 (1992) (assertion of personal jurisdiction over defendant English company which had manufactured defective water sprayer, then sold its product to distributors and eventually to the North Carolina plaintiff, who was injured when it exploded in his face). The case at hand is not a products liability case. Plaintiff does not allege that the butter itself was defective in any way. Instead, plaintiff's claim is based on one alleged incident of negligence in loading the butter onto a truck in Nebraska.

Additional guidelines for determining fairness in personal jurisdiction are set forth in *Georgia Railroad Bank & Trust Co. v. Eways*, 46 N.C. App. 466, 469, 265 S.E.2d 637, 640 (1980):

> (i) any legitimate interest the forum state has in protecting its residents with respect to the activities and contacts of the defendant; (ii) an estimate of the inconveniences to the defendant in being forced to defend a suit away from his home;

CONSIDINE v. WEST POINT DAIRY PRODUCTS

[111 N.C. App. 427 (1993)]

(iii) the location of crucial witnesses and material evidence; and (iv) the existence of a contract which has a substantial connection with the forum state.

There are no facts indicating that North Carolina residents require protection from defendant. Plaintiff himself is a Florida resident. *Cf. ETR Corp. v. Wilson Welding Serv.*, 96 N.C. App. 666, 386 S.E.2d 766 (1990) (Court asserted personal jurisdiction over nonresident defendant in situation involving very minimal contacts, but plaintiff therein was a North Carolina corporation). There is no allegation that the defendant's products are defective or harmful. Moreover, most of the witnesses and other evidence is located outside North Carolina. Plaintiff's medical records are in Florida, where he sought treatment for his injuries. Plaintiff and defendant did not have a direct contractual relationship, and defendant is not a party to any contract having any direct connection with North Carolina. Therefore, the situation at hand would not support *in personam* jurisdiction under the *Georgia Railroad* criteria.

We conclude that the evidence does not support a finding of minimum contacts or purposeful availment. Plaintiff is not a resident of North Carolina. Plaintiff's claim alleges a single incident of negligence by defendant's employees which occurred in Nebraska. Defendant is a nonresident corporation which neither owns nor rents any property in North Carolina. The dairy company does not maintain any employees, offices, telephone listings, or mailing addresses in the state. Defendant contends that the company has never solicited or sold any of its dairy products directly in North Carolina. Furthermore, defendant's only connection with North Carolina is the sporadic resale of its product by an independent third party. We find nothing to justify the assertion of personal jurisdiction in this case.

The purpose of the due process clause is to promote fairness by protecting defendants like West Point Dairy from being subject to the binding judgments of a forum where no meaningful "contacts, ties, or relations" have been established. *International Shoe*, 326 U.S. at 319, 90 L. Ed. at 104. To require defense of this action in North Carolina would offend traditional notions of fairness to the nonresident defendant. Finally, we note that our decision does not result in prejudice to plaintiff since, as defendant pointed out in oral argument before this Court, plaintiff has already filed an

action against defendant in United States District Court in Omaha, Nebraska. We hereby affirm the actions of the trial court.

Affirmed.

Judges Eagles and McCrodden concur.