STATE OF NORTH CAROLINA
v.
ERIC CHRISTOPHER ORR.
No. COA08-653
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Lisa G. Corbett, for the State.
Charlotte Gail Blake for Defendant-Appellant.
McGEE, Judge.
Eric Christopher Orr (Defendant) appeals from judgments entered upon his convictions for resisting a public officer, possession of drug paraphernalia, felony possession of marijuana, possession with intent to sell or deliver marijuana, and possession of cocaine. We find no error in part, reverse in part, and remand for re-sentencing.
The State's evidence at trial tends to show that on the night of 14 May 2006, Officers C.J. Rush, Michael Blee, and Michael F. Smith were responding to calls for assistance regarding a shooting near Carmine Street in Charlotte. The officers saw a tan Camry automobile (the vehicle) stopped at a stop sign on Carmine Street. Officer Smith signaled to the driver to wait at the intersection so he could ask if the driver knew anything about the shooting. As Officer Smith approached the vehicle, he smelled a strong odor of marijuana. He saw Defendant sitting in the front passenger seat of the vehicle. Defendant reached beneath the seat and Officer Smith drew his gun and ordered the driver out of the vehicle. Officer Blee was nearby and approached the passenger side of the vehicle. He directed Defendant to get out of the vehicle. Defendant opened the car door and ran. Officers Blee and Rush pursued Defendant and apprehended him. They found a brown paper bag in Defendant's front right pants pocket, which contained a small electronic scale, over $3,000.00 in cash, and what appeared to be marijuana and cocaine. The Camry was searched and a duffel bag containing a larger amount of marijuana was found. Tests of the drugs confirmed 1,159.1 grams, or approximately 2.5 pounds of marijuana, and 1.12 grams of cocaine. Defendant did not offer any evidence.
The jury returned verdicts of guilty of felonious possession of marijuana, resisting a public officer, possession with intent to sell or deliver marijuana, possession of drug paraphernalia, and possession of cocaine. The trial court entered separate judgments on the misdemeanor charges and sentenced Defendant to an active term of sixty days on the charge of resisting a public officer and an active term of 120 days on the charge of possession of drug paraphernalia. The sentences were to run consecutively, and Defendant was granted credit for time already served. The charge of felony possession of marijuana was consolidated with the charge of possession with intent to sell or deliver marijuana into a third judgment, and Defendant was sentenced to a minimum of six months and a maximum of eight months. The trial court then ordered a split sentence, with Defendant to serve sixty days of active time and the remainder of the sentence was suspended, with five years of probation. A fourth judgment was entered on the felony possession of cocaine conviction, with another consecutive sentence of six to eight months. The trial court ordered this sentence to be split as well, ordering Defendant to serve sixty days and the remainder of the sentence was suspended with five years of probation. The trial court also ordered Defendant to pay $3,000.00 in fines between the two felony judgments, as well as court costs and a community service fee. Defendant appeals from the judgments entered.

I.
Defendant first argues the trial court erred by imposing his probation beyond the statutory maximum without the necessary findings in violation of N.C. Gen. Stat. § 15A-1343.2(d). We agree.
Where a trial court sentences a defendant to an intermediate punishment, as was the case here, probation may not be for more than thirty-six months, unless the trial court makes specific findings that a longer period of probation is necessary. N.C. Gen. Stat. § 15A-1343.2(d) (2008). In this case, neither judgment suspending the sentences in the felony cases reflect a finding that a longer probationary period is necessary. However, the trial court did state at the hearing that it was imposing a five-year probationary period for the two marijuana charges, "in light of[Defendant's] prior record and in light of the amount of marijuana seized in this case." With regard to the cocaine charge, the trial court imposed a five-year period of probation but was silent regarding why a longer period than that authorized by statute would be necessary. We conclude that the trial court's finding regarding the longer probationary period for the marijuana convictions was sufficient, but the matter must be remanded for correction of the judgment to reflect that the required finding was made.
We further conclude that the trial court erred by failing to make a finding that a longer probationary period is necessary for the possession of cocaine conviction, and this matter must therefore be remanded for the trial court to enter an appropriate finding that a longer period of probation is necessary or to reduce the probation period to not greater than the statutorily authorized maximum. State v. Love, 156 N.C. App. 309, 318, 576 S.E.2d 709, 714 (2003).

II.
Defendant contends in his second argument that the trial court erred in imposing $3,000.00 in fines without considering Defendant's ability to pay and his financial resources. We disagree.
Defendant states that at the time of his sentencing, he had been in custody for six to seven months because he had been unable to post bond, and there was no evidence presented that the job Defendant held prior to his arrest would still be available to him after serving his active sentences. When a trial court imposes a fine as part of a judgment, the amount of the fine is within the discretion of the trial court. N.C. Gen. Stat. § 15A-1340.17(b) (2008). The trial court's decision will not be overturned absent an abuse of discretion. Pursuant to N.C. Gen. Stat. § 15A-1362(a) (2008), "the court should consider the burden that payment will impose in view of the financial resources of the defendant" when determining the method of payment. Although the statute provides this consideration should be made, the statute does not make it mandatory. See N.C. Gen. Stat. § 15A-1362, Official Commentary ("Subsection (a) is a precatory provision urging that fines be tailored to the financial resources of the defendant and not be always imposed at the same amount for the same offense."); see also Collins Music Co. v. United States, 21 F.3d 1330, 1335-36 (4th Cir. S.C. 1994). Further, Defendant failed to contest the fines imposed at trial, and he sought no review of his financial status from the trial court. Therefore, we cannot say that the trial court's imposition of the fines in this case constituted an abuse of discretion. This assignment of error is overruled.
No error in part, reversed in part and remanded for re-sentencing.
Judges HUNTER and JACKSON concur.
Report per Rule 30(e).