**STATE v. ROWE**

[231 N.C. App. 462 (2013)]

STATE OF NORTH CAROLINA
v.
MICHAEL JUSTIN ROWE

No. COA13-308

Filed 17 December 2013

1. **Appeal And Error—failure to serve proper notice of appeal—writ of certiorari granted**

    Defendant's petition for a writ of *certiorari* was granted where defendant failed to serve notice of his appeal on the State and filed an improper notice of appeal.

2. **Criminal Law—acting in concert—assault—evidence sufficient**

    The trial court did not err by denying defendant's motion to dismiss the charge of assault inflicting serious injury. Defendant contended that the injuries that he inflicted on the victim were by themselves insufficient to be considered serious, but there was substantial evidence that defendant acted in concert with members of a group and that the injuries inflicted by the group were serious.

3. **Appeal and Error—preservation of issues—issue raised at trial**

    Defendant preserved for appellate review the issue of whether a jury instruction should have been given even though he did not object at trial. Defendant specifically requested that the trial court include an instruction on simple assault and argued the point before the court. The fact that counsel did not say the words "I object" is not a reason to deny appellate review in this case.

4. **Assault—inflicting serious injury—instruction on lesser offense—denied**

    The trial court did not err by denying an instruction on simple assault in a prosecution for assault inflicting serious injury arising from a beating by a group. Although defendant argued that the evidence showed that defendant kicked the victim in the body, which would be simple assault, the only evidence that defendant did not act in concert with other members of the group was not sufficient to entitle defendant to the instruction.

STATE v. ROWE

[231 N.C. App. 462 (2013)]

5. **Appeal and Error—preservation of issues—fee included in sentence—not announced in open court—no objection**

Defendant preserved for appeal the issue of whether he was properly charged a jail fee where he did not object at trial, but the jail fee was not announced in open court, and defendant could not object to it.

6. **Sentencing—jail fees—active rather than probationary sentence**

The trial court lacked the authority to order defendant to pay more than $10 in jail fees where defendant received an active rather than probationary sentence.

Appeal by Defendant from judgment entered 3 December 2012 by Judge Mark E. Powell in Henderson County Superior Court. Heard in the Court of Appeals 11 September 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Scott T. Slusser, for the State.*

*William B. Gibson for Defendant.*

STEPHENS, Judge.

*Evidence and Procedural History*

This matter arises from a violent encounter occurring on 2 September 2011 between Howard Bryson, Defendant Michael Justin Rowe, and four other individuals. Following that encounter, Defendant was tried on a charge of assault inflicting serious injury. The jury found Defendant guilty, and the trial court imposed an active sentence of 60 days, with credit for 1 day served. At trial, the State's evidence tended to show the following:

On 2 September 2011, Bryson was visiting his friend Timothy Wilkie at Wilkie's home in Henderson County. At 7:45 p.m., after Wilkie and Bryson returned from the store, a group of five individuals approached Wilkie's deck. Bryson knew two of those individuals — Defendant and John Alexander. The group began "cursing" at the top of Wilkie's driveway. Wilkie went to the top of the driveway to tell them to leave. Alexander hit Wilkie on the back of the head and knocked him down. At that point, the group proceeded to "whip[] the dickens out of . . .

Wilkie." This involved a protracted period of kicking and stomping in which Defendant stomped on Wilkie.

While the group was beating Wilkie, Bryson grabbed a golf club and told the group to stop hurting him. One of them tackled Bryson to the ground. Defendant and Alexander began kicking Bryson while he was on the ground. At that point, Defendant kicked Bryson "in the body." As this occurred, another member of the group took Bryson's golf club and began hitting him in the head. The group was laughing throughout this beating, and, at one point, one of the women said, "Kill him." The group left together as police officers arrived on the scene. On 14 August 2012, Bryson took out a warrant against Defendant.

Testifying on his own behalf, Defendant stated that he tried to break up the fight by getting in between Wilkie and a member of his group. Defendant's girlfriend testified that she did not see Defendant hit or kick Bryson. She also testified that she could not see the fight clearly.

As a result of the beating, Bryson went to the hospital and received twenty-four staples in his head. There were seventy places on his body with some kind of scar or injury, and the letter "Z" was carved into his back. The next day, Bryson returned to the hospital because his head was swollen. In addition to these physical injuries, Bryson testified that he was emotionally traumatized by the encounter.

At the close of the State's evidence and at the close of all of the evidence, Defendant moved to dismiss the charge of assault inflicting serious injury. The trial court denied both motions. During the charge conference, Defendant requested that the trial court add the lesser-included offense of simple assault to its jury instructions. The court denied that request. Afterward, the trial court gave the following pertinent jury instruction:

> [I]f you find from the evidence[,] beyond a reasonable doubt[,] that . . . [D]efendant himself or with others acting with a common purpose intentionally assaulted the victim inflicting serious injury by striking him, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or both of these things, it would be your duty to return a verdict of not guilty.

The jury found Defendant guilty. Defendant did not give notice of appeal at trial. On 3 December 2012, Defendant, acting *pro se*, gave written notice of appeal of his conviction. Defendant concedes, however, that he failed to perfect his appeal by serving notice on the State. The State

also raises a number of other deficiencies with Defendant's notice of appeal. Defendant now seeks appellate review pursuant to a petition for writ of *certiorari*.

*Defendant's Petition for Writ of Certiorari*

**[1]** In criminal cases, a party entitled to appeal a judgment must take appeal by either (1) giving oral notice at trial or (2) filing written notice with the clerk of superior court and serving copies of that notice on all adverse parties within fourteen days. N.C.R. App. P. 4(a). Written notice of appeal must specify the party or parties taking the appeal, designate the judgment or orders from which appeal is taken and the court to which appeal is taken, and be signed by counsel of record or a *pro se* defendant. N.C.R. App. P. 4(b).

Defendant filed an improper notice of appeal. Instead of complying with Rule 4, Defendant filled out a form incorrectly indicating that his case was disposed of in the Henderson County District Court and did not state that he was appealing to this Court. As such, the notice failed to correctly designate the court to which appeal was taken. *See, e.g., State v. Gardner*, __ N.C. App. __, __, 736 S.E.2d 826, 829 (2013) (holding that counsel for the defendant failed to correctly designate this Court as the court to which appeal was taken where counsel used a form for appealing decisions from district court to superior court).[1]

In addition, Defendant failed to serve notice of his appeal on the State. Accordingly, Defendant lost his right to appeal the trial court's judgment. "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear [that] appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320, *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005). Because Defendant's notice of appeal is not proper under our rules, we must dismiss this appeal.[2]

---

1. Contrary to the State's assertion that Defendant's notice of appeal was defective because it did not designate the judgment or order from which appeal is taken, Defendant's notice of appeal contained the specific case numbers that correspond with the judgment he is now appealing, thereby making it clear to this Court which judgments are being appealed. *See, e.g., State v. Holly*, __ N.C. App. __, 749 S.E.2d 110 (2013) (unpublished opinion), *available at* 2013 WL 4004330 n.1 ("Because [the] defendant's notice of appeal does contain the specific case numbers that correspond with the judgment he is now appealing, thereby making it clear to this Court which judgments are being appealed from, we grant [the] defendant's petition for writ of *certiorari* and reach the merits of his appeal.") (italics added).

2. The State has not waived the service defect by participating in this appeal. "[A] party upon whom service of notice of appeal is required may waive the failure of service by not raising the issue by motion or otherwise and by participating without objection in

Given his failure to comply with Rule 4, Defendant requests that this Court grant his petition for writ of *certiorari*. A writ of *certiorari* may be issued "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1). The rules regarding the issuance of a writ of *certiorari* are discretionary. *See McCoy*, 171 N.C. App. at 638, 615 S.E.2d at 320. Here, Defendant had a right to appeal the judgment finding him guilty of assault inflicting serious injury pursuant to N.C. Gen. Stat. § 7A-27 (2011). In addition, the State acknowledges that "this Court has the discretion to grant the instant petition . . . ." We grant Defendant's petition in our discretion and review this case on its merits.

## Discussion

On appeal, Defendant argues that the trial court erred by (1) denying his motion to dismiss, (2) refusing his request to allow the jury to consider the lesser-included offense of simple assault, and (3) ordering Defendant to pay certain jail fees per its judgment and commitment. We find no error at trial, but hold that the court lacked the authority to order Defendant to pay the challenged jail fees.

### I. Defendant's Motion to Dismiss

[2] "[We] review[] the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

> Upon [the] defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense. If so, the motion is properly denied.

*State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78–79, 265 S.E.2d 164, 169 (1980). "If there is substantial evidence — whether

---

the appeal." *Hale v. Afro–Am. Arts Int'l, Inc.*, 335 N.C. 231, 232, 436 S.E.2d 588, 589 (1993). Here, the State has raised the issue of defective service of the notice of appeal by objecting to the petition for writ of *certiorari*. Accordingly, lack of service has not been waived. *See also State v. Ragland*, __ N.C. App. __, __, 739 S.E.2d 616, 620, *disc. review denied*, __ N.C. __, 747 S.E.2d 548 (2013).

direct, circumstantial, or both — to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988) (citation omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

Defendant was charged with assault inflicting serious injury pursuant to N.C. Gen. Stat. § 14-33 (2011). Conviction under that statute requires proof of the commission of an assault on another, which inflicts serious injury. *State v. Carpenter*, 155 N.C. App. 35, 42, 573 S.E.2d 668, 673 (2002) (citation omitted). "Our courts have defined 'serious injury' as injury which is serious but falls short of causing death . . . ." *Id.* (citation and certain internal quotation marks omitted).

Defendant contends that the trial court erred in denying his motion to dismiss the charge against him because the evidence at trial was insufficient to show that he acted in concert with the other members of the group. Therefore, Defendant asserts, the injuries he inflicted on Bryson by kicking were — alone — insufficient to be considered "serious," and the State failed to provide substantial evidence of the elements of assault inflicting serious injury. In making this argument, Defendant concedes that the injuries inflicted by the entire group "could rationally be deemed to be 'serious' by the [jury]." Given that concession, Defendant's argument turns as a threshold matter on whether there was sufficient evidence that he was acting "in concert" with the other members of the group. If so, then the injuries that were inflicted are admittedly serious and the motion to dismiss was properly denied. We hold that such evidence was present here.

A defendant can be found guilty of a crime under a theory of acting in concert where "he is present at the scene and acting together with another or others pursuant to a common plan or purpose to commit the crime." *State v. Taylor*, 337 N.C. 597, 608, 447 S.E.2d 360, 367 (1994). In addition,

> [i]f two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed

> by the other in pursuance of the common purpose . . . or as
> a natural or probable consequence thereof.

*State v. Mason*, __ N.C. App. __, __, 730 S.E.2d 795, 800 (2012).

Taken in the light most favorable to the State, the evidence presented at trial shows that Defendant was actually present during the assault. In addition, Defendant and Alexander kicked Bryson while one of the females hit Bryson in the head with a golf club. This beating lasted several minutes, and the group — including Defendant — left the scene when they heard police sirens. This is substantial evidence that Defendant acted with the members of the group to assault Bryson pursuant to a common plan or purpose. Therefore, we· conclude that Defendant was "acting in concert" with the other members of the group. As a result, the admittedly serious injuries suffered by Bryson may be attributed to Defendant, and we need not address Defendant's argument that the injuries he personally inflicted were not "serious." For these reasons, Defendant's first argument is overruled.

### II.  *Jury Instruction on Simple Assault*

**[3]**  In his second argument on appeal, Defendant contends that the trial court should have instructed the jury on the lesser-included offense of simple assault in addition to the crime of assault inflicting serious injury. Before addressing the merits of that argument, we consider the State's contention that Defendant did not preserve this issue for appellate review because he did not object when it was decided by the trial court.

Our Rules of Appellate Procedure provide as a general rule that

> [i]n order to preserve an issue for appellate review, a party
> must have presented to the trial court a timely request,
> objection, or motion, stating the specific grounds for the
> ruling the party desired the court to make if the specific
> grounds were not apparent from the context.

N.C.R. App. P. 10(a)(1). Regarding jury instructions, the rules state:

> A party may not make any portion of the jury charge or
> omission therefrom the basis of an issue presented on
> appeal unless the party objects thereto before the jury
> retires to consider its verdict, stating distinctly that to
> which objection is made and the grounds of the objection;
> provided that opportunity was given to the party to make
> the objection out of the hearing of the jury, and, on request
> of any party, out of the presence of the jury.

N.C.R. App. P. 10(a)(2). For the purposes of Rule 10(a)(2), a request for instructions constitutes an objection. *See State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 192 (1993) (holding that the defendant failed to preserve the issue of whether the trial court should have instructed on lesser offenses when "the defendant did not object to the instructions given by the trial court *and did not request instructions on lesser offenses*") (emphasis added).

In this case, the following colloquy occurred during the charge conference regarding the trial court's decision not to include an instruction on the lesser-included offense of simple assault:

> [COUNSEL FOR DEFENDANT]: . . . Your Honor. I would like to make an addition for a lesser[ ]include[d] offense of simple assault.
>
> THE COURT: Would you like to make your argument as to that?
>
> [COUNSEL FOR DEFENDANT]: Just, Your Honor, the injuries that I observed in the photographs, at least what I consider serious injuries, were cuts to his head with staples and stitches. I would argue that the injuries upon his body were surface abrasions and scratches, and because of that there would be no serious injury alleged. If the jury were to find that [Defendant] had nothing to do with hitting . . . Bryson in the head but did have something to do with kicking him with his foot, then I think at that point — which is what he testified to — I think at that point we would have a simple assault if they were to believe that.
>
> . . .
>
> THE COURT: [Counsel], I appreciate your argument. . . , but I think as I understand the case law . . . that's not a reason to include a lesser[-]included offense on the verdict sheet. Do you wish to say anything else about that?
>
> [COUNSEL FOR DEFENDANT]: Well, Judge, . . . I think they can find a [not] serious injury as far as [Defendant] is concerned. I think that they can find that.
>
> THE COURT: Yes, sir. I understand. I'm going to leave the verdict sheet as it is.

As Defendant specifically requested the trial court to include a jury instruction on simple assault and argued that point before the court, we

hold that he properly preserved this issue for appellate review. *See id.* The fact that counsel did not say the words "I object" is not reason to deny appellate review in this case. Accordingly, the State's preliminary argument is overruled, and we proceed on the merits.

**[4]** Defendant contends that the trial court erred by failing to instruct the jury on simple assault because the State presented evidence tending to show that Defendant kicked Bryson in the body, an act which could rationally be considered to be a "simple assault." For support, Defendant cites his own testimony that he did not strike Bryson and did not act in concert with the other members of the group. We are unpersuaded.

The trial court's obligation to instruct on a lesser offense is solely determined by "the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). "However, due process requires an instruction on a lesser-included offense only if the evidence would permit a jury *rationally* to find [the defendant] guilty of the lesser offense and acquit him of the greater." *State v. Conaway*, 339 N.C. 487, 514, 453 S.E.2d 824, 841 (citation and internal quotation marks omitted; emphasis added), *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995).

> If the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate those elements other than [the] defendant's denial that he committed the offense, [the] defendant is not entitled to an instruction on the lesser offense.

*State v. Smith*, 351 N.C. 251, 267–68, 524 S.E.2d 28, 40 (citation omitted), *cert. denied*, 531 U.S. 862, 148 L. Ed. 2d 100 (2000). Failure to give a necessary lesser-included offense instruction, however, is reversible error. *State v. Fisher*, 318 N.C. 512, 524, 350 S.E.2d 334, 341 (1986).

In this case, as discussed in the preceding section, the State's evidence shows that Defendant acted in concert with the other members of the group to seriously injure Bryson.[3] The only evidence presented to the contrary is Defendant's own denial that he committed the offense and the testimony of his girlfriend that she did not see Defendant hit Bryson.

---

3. The fact that Defendant's girlfriend did not see Defendant hit Bryson is not positive evidence that Defendant did not, in fact, hit Bryson and is insufficient to negate the State's presentation of evidence. *See State v. Hartman*, 344 N.C. 445, 474, 476 S.E.2d 328, 344 (1996) ("But where the State adequately establishes all the elements of a crime and

Such evidence is not sufficient to permit a jury to rationally determine that Defendant committed simple assault and does not entitle Defendant to an instruction on the lesser offense of simple assault. Accordingly, Defendant's second argument is overruled.

*III. Jail Fees*

**[5]** After the jury returned its verdict, the trial court orally imposed an active sentence of 60 days, with credit for 1 day spent in pre-judgment custody. The court also orally entered judgment for $870.00 in court-appointed attorneys' fee. The written judgment included the $870.00 fee, as well as additional monetary obligations not stated in open court, which included a $2,370.00 jail fee. On appeal, Defendant argues that the trial court lacked the authority to order him to pay all but $10 of those jail fees, and we agree.

In response to Defendant's argument, the State first cites to Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure and asserts that Defendant failed to preserve this issue for review because he "did not object to the trial court's assessment of jail fees in the judgment[.]" This argument is inapposite. Rule 10(a) only applies to the preservation of issues resulting from trial proceedings. Because the jail fee was not announced in open court, Defendant was incapable of objecting to it. For that reason, we reject the State's argument.

Alternatively, the State argues that Defendant should have raised this issue before the trial court on a motion for appropriate relief — not on appeal. We disagree. This Court has previously handled cases dealing with the imposition of incorrect jail fees directly on appeal, and the State offers no reason or argument for why we should refrain from doing so here. *See, e.g., State v. Corrothers*, __ N.C. App. __, 749 S.E.2d 111 (2013) (unpublished opinion), *available at* 2013 WL 4004527; *State v. McGriff*, __ N.C. App. __, 749 S.E.2d 110 (2013) (unpublished opinion), *available at* 2013 WL 4007081. Accordingly, we review this issue on the merits.

**[6]** Section 7A-304(c) of the North Carolina General Statutes provides that "jail fees . . . shall be assessed as provided by law in addition to other costs set out in this section." N.C. Gen. Stat. § 7A-304(c) (2012). Section 7A-313 describes jail fees for (1) persons lawfully confined in jail

---

[the] defendant produces no evidence sufficient to negate these elements, the mere possibility that the jury could return with a negative finding does not, without more, require the submission of the lesser[-]included offense.") (citation, internal quotation marks, and brackets omitted).

and awaiting trial and (2) persons ordered to pay jail fees pursuant to a probationary sentence. N.C. Gen. Stat. § 7A-313 (2011).

Regarding the first type of fee, the statute reads:

> Persons who are lawfully confined in jail awaiting trial shall be liable to the county or municipality maintaining the jail in the sum of ten dollars ($10.00) for each 24 hours' confinement, or fraction thereof, except that a person so confined shall not be liable for this fee if the case or proceeding against him is dismissed, or if acquitted, or if judgment is arrested, or if probable cause is not found, or if the grand jury fails to return a true bill.

*Id.* Defendant concedes that he was properly charged $10.00 for the one day he spent in confinement awaiting trial pursuant to this section.

Regarding the second type of fee, the statute reads:

> Persons who are ordered to pay jail fees pursuant to a *probationary sentence* shall be liable to the county or municipality maintaining the jail at the same per diem rate paid by the Division of Adult Correction of the Department of Public Safety to local jails for maintaining a prisoner, as set by the General Assembly in its appropriations acts.

N.C. Gen. Stat. § 7A-313 (emphasis added). Defendant contests the remaining $2,360 in jail fees charged by the trial court pursuant to this section.

"Issues of statutory construction are questions of law, reviewed *de novo* on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (italics added). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citation and internal quotation marks omitted).

"Probation" is defined as "[a] court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." Black's Law Dictionary 1322 (9th ed. 2009). A "probationary sentence" is one in which the defendant is sentenced to probation. Because an exclusively probationary sentence would necessarily eschew jail time, jail fees could only be awarded under this section when the probationary sentence nonetheless involves some element of jail time (*e.g.*, in the context of a "split sentence"). *See generally State v. Orr*, 195 N.C. App. 461, 673

S.E.2d 167 (2009) (unpublished opinion), *available at* 2009 WL 368389 ("The trial court then ordered a split sentence, with [the d]efendant to serve sixty days of active time and the remainder of the sentence was suspended, with five years of probation."); Jamie Markham, Jail Fees, North Carolina Criminal Law — UNC School of Government Blog (4 January 2012), http://nccriminal law.sog.unc.edu/?p=3176 (providing a more detailed discussion of the allocation of jail fees).

Defendant did not receive a probationary sentence in this case. He received an active sentence. Though counsel for Defendant requested a "probationary sentence," the court did not impose one. Rather, the court specifically stated that Defendant's sentence was "60 days active," and the record reflects that fact. Therefore, the statute, by its plain language, is inapplicable. Accordingly, we vacate the trial court's judgment and remand this case to the trial court for the limited purpose of entering a new judgment consistent with this opinion.

NO ERROR in part; VACATED AND REMANDED in part.

Judges CALABRIA and ELMORE concur.