STEELMAN, Judge.
In accepting a stipulation of the parties and giving an instruction to the jury on howto consider the stipulation, the trial court did not express an opinion on a question of fact to be decided by the jury in violation of N.C. Gen. Stat. § 15A-1222 or express an opinion as to whether a fact had been proved in violation of N.C. Gen. Stat. § 15A-1232. Plain error review is not applicable to appellate review of a stipulation entered into by defendant at trial. The record does not provide sufficient information for this court to rule on defendant’s ineffective assistance of counsel claim, and that claim is dismissed without prejudice to defendant raising the claim in a motion for appropriate relief filed by the trial court.
I. Factual and Procedural Background
Eddie D. Berry (defendant) met Annalean Rogers (Annalean) in June of 2000. Shortly thereafter he moved into the apartment she shared with her four children: daughters A.R. and B.R. and sons C.R. and D.R. Defendant married Annalean on 5 July 2004 and assumed the role of stepfather to A.R. and her siblings.
At the time of the trial, A.R. was eighteen years old. A.R. testified that defendant sexually assaulted her for the first time a couple of weeks before defendant and Annalean got married. A.R. testified that the sexual assaults continued for several years. The final incident occurred on 4 July 2009. After this incident, A.R. called her uncle, Roy Rogers (Roy), and told him what had happened. A.R. called the police and gave a statement to Officer Robert Lovette (Officer Lovette) of the Graham Police Department. On 15 February 2010, defendant was indicted for taking indecent liberties with a child. A superseding indictment was issued on 26 November 2012 charging defendant with one count of indecent liberties with a child and one count of statutory rape.
At trial, by stipulation of the parties, the State entered into evidence a redacted interview report by Janet Hadler (Hadler), a clinical social worker who interviewed A.R. Her report contained some statements that contradicted A.R.’s trial testimony. The report also contained the following:
TSCC: This report should be used as only one source of information about the individual being evaluated. In this *498 respect, no decisions should be based solely on the information contained in this report. The raw and standardized scores contained in this report should be integrated with other sources of information when making decisions about this individual. [A.R.]’s TSCC is considered to be valid. . . . [A.R.]’s scores were in the clinically significant range for the following TSCC Clinical Scales/Subscales: Anxiety (T-score 67), . . . Fantasy (T-score 68), Sexual Concerns (T-score 120), Sexual Preoccupation (T-score 105), and Sexual Distress (T-score 133.) According to the manual, T-scores at or above 65 axe considered clinically significant. For the SC (sexual concerns) scale and it’s [sic] subscales SC-P and SC-D, T-scores at or above 70 are considered clinically significant. The manual states, “children with especially elevated scores on the SC scale may have been prematurely sexualized or sexually traumatized. This can occur as a result of childhood sexual abuse, [sic] exposure to pornography, witnessing sexual acts, or, in the case of adolescents, sexual assault by a peer.”
Hadler was unable to testify at trial due to a family illness. The parties stipulated that redacted portions of Hadler’s report be received as evidence for the purpose of corroborating A.R.’s testimony. The stipulation read as follows:
Janet Hadler, licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that the portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness, [A.R.],
During a conference with counsel outside of the presence of the jury, the trial judge indicated that he would allow the report to be entered into evidence as State’s Exhibit 6 pursuant to the agreed upon stipulation, which would be marked as State’s Exhibit 7. The trial judge further indicated that:
I’ll then give a limiting instruction that is consistent with pattern instruction 101.41 out of the civil pattern instructions regarding stipulations which will essentially say that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you *499 [members of the jury] as true without further proof. Those facts have been stated in the record as it relates to stipulation as described in State’s Exhibit 7 since the parties have so agreed. You will take these facts as true for the purpose of this case.
The State’s attorney and defendant’s trial counsel assented to this instruction, and made no objection.
In the presence of the jury, the State’s attorney read the agreed-upon stipulation to the jury and moved, without objection, to enter State’s Exhibits 6 and 7 into evidence. The State’s attorney then moved to publish copies of Hadler’s redacted report to the jury. The trial judge, before allowing the redacted report to be published to the jury, instructed the jury as follows:
Now, before we proceed, ladies and gentlemen, I want to make sure that you understand that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you as true without further proof.
The agreed facts in this case relate to what is marked as State’s Exhibit 7 and now received as a stipulation and State’s Exhibit 6, portions of an interview conducted by the relevant parties as described.
Since the parties have so agreed, you are to take these facts as true for the purposes of this case.
On 26 February 2013, the jury returned guilty verdicts against defendant for one count of taking indecent liberties with a minor and one count of statutory rape; he was sentenced to 336 to 415 months active imprisonment.
Defendant appeals.
II. Stipulation and Limiting Instruction
In his first argument, defendant contends that the trial court erred by instructing the jury to accept as true a redacted interview report by a licensed social worker that was entered into evidence by the State. We disagree.
A. Standard of Review
A trial judge’s expression of opinion on a question of fact violates the statutory mandates of N.C. Gen. Stat. §§ 15A-1222 and 1232, and *500 therefore is preserved for de novo appellate review as a matter of law. See State v. Young, 324 N.C. 489, 494, 380 S.E.2d 94, 97 (1989).
B. Analysis
The parties advised the trial judge that they had agreed to the following stipulation:
Janet Hadler, a licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that a portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness, [A.R.]
This stipulation was read verbatim to the jury by Mr. Thompson, the Assistant District Attorney prosecuting the case. Mr. Thompson then clarified, “That stipulation, Your Honor, is State’s Exhibit 7. The actual portion of the evidence we’re introducing is State’s Exhibit 6.” Judge Hardin then gave a limiting instruction to the jury which stated that, “The agreed facts in this case relate to what is marked as State’s Exhibit 7 and now received as a stipulation and State’s Exhibit 6, portions of an interview conducted by the relevant parties as described. Since the parties have so agreed, you are to take these facts as true for the purpose of this case.”
“A stipulation is a judicial admission and ordinarily is binding on the parties who make it.” State v. Murchinson, 18 N.C. App. 194, 197, 196 S.E.2d 540, 541 (1973) (citing Farmer v. Ferris, 260 N.C. 619, 133 S.E.2d 492 (1963)).
On appeal, defendant argues that the limiting instruction given by the trial judge violated N.C. Gen Stat. § 15A-1222 because it constituted “an opinion in the presence of the jury on any question of fact to be decided by the jury.” Defendant argues that the wording of the instruction and the fact that the jury was handed only Exhibit 6 (the interview report) after the stipulation was read, rather than Exhibit 6 and 7 (the stipulation), that the jury could have reasonably interpreted the instruction to mean they should take the facts of Hadler’s redacted report as true, resulting in a prejudicial error to defendant.
The stipulation, as read to the jury, stated that the redacted report “may be considered for the purpose of corroboration of the witness, [A.R.].” The trial judge then gave his limiting instruction. The redacted report was admitted pursuant to the stipulation that it may be used for *501 purposes of corroboration. There is no indication whatsoever that the trial judge expressed an opinion on any question of fact to be decided by the jury in violation of N.C. Gen. Stat. § 15A-1222 or as to whether a fact had been proved in violation of N.C. Gen. Stat. § 15A-1232. The information contained in Exhibit 7, the stipulation, was to be accepted by the jury as true without further proof. The information in Exhibit 6, the redacted report, was to be used for the purposes of corroboration of A.R.’s testimony. There was no question of fact for the trial judge to express án opinion, with regard to either the stipulation or the redacted report.
“In determining whether the trial judge has expressed an impermissible opinion in its instructions to the jury, ‘[t]he charge of the court must be read as a whole, in the same connected way that the judge is supposed to have intended it and the jury to have considered it.’ ” State v. Smith, 160 N.C. App. 107, 120, 584 S.E.2d 830, 838 (2003) (quoting State v. Lee, 277 N.C. 205, 214, 176 S.E.2d 765, 770 (1970)). As long as the jury instructions, viewed in context, present the law “fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal.” 160 N.C. App. at 120, 584 S.E.2d at 839. We hold that these principles apply not only to the final jury charge, but also to limiting instructions given by the court during trial.
The parties clearly stated that the stipulation was Exhibit 7 and that the interview referenced therein was Exhibit 6. When reading the stipulation, Mr. Thompson stated, “That stipulation, Your Honor, is State’s Exhibit 7. The actual portion of the evidence we’re introducing is State’s Exhibit 6.” Judge Hardin then stated, “I want to make sure that you understand that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you as true without further proof(emphasis added) This makes it clear that the facts to be accepted as true were those contained in the stipulation (Exhibit 7).
. “[U]nless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless.” State v. Green, 129 N.C. App. 539, 545, 500 S.E.2d 452, 456 (1998) aff’d, 350 N.C. 59, 510 S.E.2d 375 (1999) (citing State v. Larrimore, 340 N.C. 119, 154-55, 456 S.E.2d 789, 808 (1995)). There is no reason to believe that the stipulation or limiting instruction had a prejudicial effect on the result of the trial.
Judge Hardin did not express any opinion to the jury in his instructions concerning the stipulation. Judge Hardin simply instructed the jury *502 as to the parties’ stipulation. Nothing in his instructions to the jury indicated any personal opinion as to the facts of the case.
The dissent acknowledges that a “totality of the circumstances” test should be used to determine whether a trial court has made an improper expression of opinion. State v. Mucci, 163 N.C. App. 615, 620, 594 S.E.2d 411, 415 (2004) (quoting State v. Anthony, 354 N.C. 372, 402, 555 S.E.2d 557, 578 (2001). However, it then proceeds to parse the language used by Judge Hardin to support its conclusions.
The trial court did not express opinion in his limiting instruction to the jury, and taken as a whole, the instructions did not prejudice defendant.
This argument is without merit.
III. Admissibility of Report
In his second argument, defendant contends that the trial court committed plain error by admitting Hadler’s redacted report into evidence. We disagree.
A. Standard of Review
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. See Odom, 307 N.C. at 660, 300 S.E.2d at 378. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error “had a probable impact on the jrny’s finding that the defendant was guilty.” See id. (citations and quotation marks omitted); see also Walker, 316 N.C. at 39, 340 S.E.2d at 83 (stating “that absent the error the jury probably would have reached a different verdict” and concluding that although the evidentiary error affected a fundamental right, viewed in fight of the entire record, the error was not plain error). Moreover, because plain error is to be “applied cautiously and only in the exceptional case,” Odom, 307 N.C. at 660, 300 S.E.2d at 378, the error will often be one that “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings,” Odom, 307 N.C. at 660, 300 S.E.2d at 378 (quoting McCaskill, 676 F.2d at 1002).
State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).
*503 B. Analysis
Defendant’s trial counsel made no objection to the information contained in the report at trial and stipulated to the admission of the redacted report into evidence. However, even in the face of his trial stipulation, defendant argues on appeal that the admission of Hadler’s redacted report is still reviewable under plain error.
Generally, plain error analysis applies only to jury instructions and evidentiary matters. State v. Atkins, 349 N.C. 62, 81, 505 S.E.2d 97, 109 (1998). We have been unable to find any case law supporting the proposition that evidence received pursuant to a stipulation may be reviewed under plain error. See State v. Marlow, _ N.C. App. _, 747 S.E.2d 741, 745 (2013) (finding that “while the law is clear on when our courts are permitted to use the plain error analysis, it is not clear whether stipulations fall within the purview of such parameters.”), appeal dismissed, _ N.C. _, 752 S.E.2d 493 (2013).
“Plain error review is appropriate when a defendant fails to preserve the issue for appeal by properly objecting to the admission of evidence at trial.” State v. Perkins, 154 N.C. App. 148, 152, 571 S.E.2d 645, 648 (2002) (citing State v. Rourke, 143 N.C. App. 672, 675, 548 S.E.2d 188, 190 (2001)).
A stipulation is a judicial admission, voluntarily made by the parties to admit evidence at trial. In the instant case, defendant entered into a written stipulation with the State. It would be indefensible to allow a defendant to enter into a stipulation and then to challenge the evidence admitted pursuant to the stipulation on appeal. The essence of plain error is the failure of a defendant to object, coupled with a “fundamental error” by the trial court in allowing the evidence to be received even in the absence of an objection. See State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). “Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position.” Rural Plumbing and Heating, Inc. v. H. C. Jones Const. Co., 268 N.C. 23, 31, 149 S.E.2d 625, 631 (1966) (citing Austin v. Hopkins, 227 N.C. 638, 43 S.E.2d 849 (1947)).
The conduct of defendant in entering into a stipulation at trial and then seeking to repudiate it on appeal is more akin to invited error than plain error. “[A] defendant who invites error . . . waive[s] his right to all appellate review concerning the invited error, including plain error review.” State v. Jones, 213 N.C. App. 59, 67, 711 S.E.2d 791, 796 (2011) (quoting State v. Barber, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 *504 (2001)). Therefore, “[although defendant labels this [issue on appeal] as ‘plain error,’ it is actually invited error because, as the transcript reveals, defendant consented to the manner in which the trial court gave the instructions to the jury.” State v. Fox, 216 N.C. App. 153, 160, 716 S.E.2d 261, 266-67 (2011) (citing State v. Wilkinson, 344 N.C. 198, 235-36, 474 S.E.2d 375, 396 (1996)).
In the instant case, defendant agreed to the language of the stipulation and limiting instruction at trial. Defendant made no objection at trial to the limiting instruction, stipulation, or to the substance of the redacted report when it was entered into evidence. We hold that the concept of plain error is not applicable to stipulations entered into at trial.
This argument is without merit.
IV. Ineffective Assistance of Counsel
In his third argument, defendant contends that he received ineffective assistance of counsel when his trial attorney stipulated to the admission of the report and failed to object to the trial court’s instruction regarding the report. We disagree.
A. Standard of Review
To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel’s performance was deficient and then that counsel’s deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel’s representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
State v. Allen, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), cert. denied, 549 U.S. 867, 166 L. Ed. 2d 116 (2006).
B. Analysis
Generally, to establish a claim for ineffective assistance of counsel, “ [t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland *505 v. Washington, 466 U.S. 668, 694, 80 L.Ed.2d 674, 698 (1984). The Supreme Court has noted that, “Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.” 466 U.S. at 689, 80 L.Ed.2d at 694.
In the present case, the record does not provide sufficient information to determine whether trial counsel’s decision to agree to the stipulation of the report was the result of a legitimate trial strategy. The report that was entered into evidence arguably bolstered defendant’s position by demonstrating the victim’s lack of coherence in her story of the events. Defendant’s claim of ineffective assistance of counsel is dismissed without prejudice to filing a motion for appropriate relief in the trial court.
NO ERROR IN PART, DISMISSED IN PART.
Judge BRYANT concurs.