ZACHARY, Judge.
 

 *861
 

 *284
 
 Christopher Isaiah Allen ("Defendant") appeals from the trial court's judgment entered upon a jury verdict finding him guilty of sexual offense with a child. After careful review, we conclude that the record is insufficient to enable our review of Defendant's claim that he received ineffective assistance of counsel at trial. Accordingly, we dismiss his appeal without prejudice to his right to pursue this claim by filing a motion for appropriate relief in the trial court.
 

 Background
 

 On 2 March 2015, the Burke County Grand Jury indicted Defendant for sexual offense with a child. Defendant's case came on for trial on 4 January 2017. Two days later, the jury found Defendant guilty of sexual offense with a child. Defendant gave oral notice of appeal.
 

 On appeal, Defendant argues that he received ineffective assistance of counsel because: (1) Defendant's trial counsel neither objected to nor moved to edit or redact portions of prejudicial, inadmissible evidence;
 

 *285
 
 and (2) in the alternative, the cumulative errors made by trial counsel deprived Defendant of a fair trial.
 

 Discussion
 

 Generally, a claim of ineffective assistance of counsel should be considered through a motion for appropriate relief before the trial court in post-conviction proceedings and not on direct appeal.
 
 State v. Stroud
 
 ,
 
 147 N.C. App. 549
 
 , 553,
 
 557 S.E.2d 544
 
 , 547 (2001),
 
 cert. denied
 
 ,
 
 356 N.C. 623
 
 ,
 
 575 S.E.2d 758
 
 (2002). "A motion for appropriate relief is preferable to direct appeal because in order to defend against ineffective assistance of counsel allegations, the State must rely on information provided by [the] defendant to trial counsel" at a full evidentiary hearing on the merits of the ineffective assistance of counsel claim.
 
 Id
 
 . at 554,
 
 557 S.E.2d at 547
 
 (quoting
 
 State v. Buckner
 
 ,
 
 351 N.C. 401
 
 , 412,
 
 527 S.E.2d 307
 
 , 314 (2000) ).
 

 The United States Supreme Court has also advised against reviewing ineffective assistance of counsel claims on direct appeal:
 

 When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. Under
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 ,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984), a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial. The evidence introduced at trial, however, will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the
 
 Strickland
 
 analysis. If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it.
 
 The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse
 
 .... Without additional factual development, moreover, an appellate court may not be able to ascertain whether the alleged error was prejudicial.
 

 Massaro v. United States
 
 ,
 
 538 U.S. 500
 
 , 504-05,
 
 123 S.Ct. 1690
 
 , 1694,
 
 155 L.Ed.2d 714
 
 , 720-21 (2003) (emphasis added).
 

 *286
 
 In this case, our review is limited to the record before us, "without the benefit of information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor that could be provided in a full evidentiary hearing on a motion for appropriate relief."
 
 Stroud
 
 ,
 
 147 N.C. App. at 554-55
 
 ,
 
 557 S.E.2d at 547
 
 (citation, original alteration, and quotation marks omitted). Particularly where Defendant's arguments "concern potential questions of trial strategy and counsel's impressions, an evidentiary hearing available through a motion for appropriate relief is the procedure to conclusively determine these issues."
 

 Id.
 

 at 556
 
 ,
 
 557 S.E.2d at 548
 
 . As our Supreme Court has instructed, "should the reviewing court determine that [ineffective assistance of counsel] claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's rights to
 
 *862
 
 reassert them during a subsequent [motion for appropriate relief] proceeding."
 
 State v. Fair
 
 ,
 
 354 N.C. 131
 
 , 167,
 
 557 S.E.2d 500
 
 , 525 (2001),
 
 cert. denied
 
 ,
 
 535 U.S. 1114
 
 ,
 
 122 S.Ct. 2332
 
 ,
 
 153 L.Ed.2d 162
 
 (2002).
 

 Conclusion
 

 Defendant's ineffective assistance of counsel claim is premature in that the record before this Court is inadequate and precludes our review of whether Defendant's counsel was ineffective and whether counsel's errors, if any, were prejudicial. Accordingly, Defendant's appeal is dismissed without prejudice to his right to file a motion for appropriate relief in the trial court.
 

 APPEAL DISMISSED.
 

 Judges STROUD and MURPHY concur.