An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-305

Filed 5 November 2025

Union County, No. 22CR051062-890

STATE OF NORTH CAROLINA

v.

RYAN WILSON SHAW, Defendant.

Appeal by Defendant from judgments entered 9 July 2024 by Judge Matthew Brian Smith in Union County Superior Court. Heard in the Court of Appeals 11 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Emily Urch, for the State.*

> *Joseph Gerber for Defendant.*

GRIFFIN, Judge.

Defendant Ryan Wilson Shaw appeals from judgments entered after a jury found him guilty of driving while impaired ("DWI") and failure to burn headlamps ("FTBH"). Defendant claims he received ineffective assistance of counsel because counsel did not move to suppress evidence, and, alternatively, failed to object to evidence admissibility. Defendant also argues the trial court incorrectly imposed jail

fees. We dismiss the ineffective assistance of counsel arguments and hold there was no error in the imposition of jail fees.

## I.    Factual and Procedural Background

On 3 April 2022, Defendant drove home from a party on his moped. The Union County Sheriff's deputy on patrol noticed Defendant driving without headlights burning and pulled him over. The deputy observed Defendant's unsteadiness and slurred speech. Defendant acknowledged he had consumed three beers that night. The on-patrol deputy then arrested Defendant and charged him with DWI and FTBH.

Later that night, the deputy transported Defendant to the county jail, where Defendant was read his implied consent rights. When presented with the implied consent form, Defendant refused to sign it. Following Defendant's refusal, one of the deputies wrote "refused" to indicate Defendant's intent. Shortly afterward, Defendant verbally consented to a blood draw. Consequently, a registered nurse, L. Meed, drew Defendant's blood. Defendant's blood was then placed in an evidence storage locker.

Fifteen days passed between the night of the blood draw to the blood's arrival at the crime lab. Expert analyst Stephanie Douthwaite conducted the analysis of the blood sample on 27 May 2022. The blood test results revealed an alcohol concentration of 0.26 grams of alcohol per 100 milliliters of blood.

A jury found Defendant guilty of both DWI and FTBH. Judge Smith sentenced Defendant to a twelve-month sentence in the Misdemeanant Confinement Program.

The trial court judge suspended the sentence and ordered Defendant to complete thirty months of supervised probation, serve an active ninety-day term in the custody of the Union County Sheriff, and pay $3,600 in jail fees. Defendant timely appeals.

## II. Analysis

Defendant argues he received ineffective assistance of counsel because his trial counsel failed to move to suppress alleged illegally obtained evidence, or, alternatively, because trial counsel failed to challenge the admissibility of evidence. Additionally, Defendant claims the trial court erred in its imposition of jail fees.

## A. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are analyzed identically under both federal and North Carolina law. *State v. Braswell*, 312 N.C. 553, 562–63, 324 S.E.2d 241, 248 (1985). Defendant must demonstrate that (1) Defendant's trial counsel's performance was deficient and (2) the deficient performance prejudiced Defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006). In North Carolina, there is "a presumption that trial counsel's representation is . . . acceptable professional conduct." *State v. Roache*, 358 N.C. 243, 280, 595 S.E.2d 381, 406 (2004) (citation omitted).

Trial counsel's performance is deficient when counsel no longer qualifies as "counsel" guaranteed by the United States Constitution because of counsel's blatant errors. *Strickland*, 466 U.S. at 687. A successful ineffective assistance of counsel claim demonstrates counsel fell below an objective standard of reasonable

professional norms. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Allen*, 360 N.C. at 316, 626 S.E.2d at 286.

To show trial counsel's deficient performance prejudiced a defendant's defense, the defendant must demonstrate a reasonable probability that the outcome of the case would have been different but for counsel's mistakes. *Allen*, 360 N.C. at 316, 626 S.E.2d at 286. The probability must be substantial and sufficient to undermine the original proceeding's result. *Id.*; *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

When no additional investigation is required on the cold record, an ineffective assistance of counsel claim is decided on the merits. *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001). If the Court determines the claim is brought prematurely, it will dismiss it without prejudice, allowing the defendant to pursue appropriate relief. *State v. Thompson*, 359 N.C. 77, 122–23, 604 S.E.2d 850, 881 (2004).

When a defendant's arguments "'concern potential questions of trial strategy and counsel's impressions, an evidentiary hearing available through a motion for appropriate relief is the procedure to conclusively determine these issues.'" *State v. Allen*, 262 N.C. App. 284, 286, 821 S.E.2d 860, 861 (2018) (citation omitted). This Court cannot know "'whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse.'" *State v. Jones*, 176 N.C. App. 678, 688, 627 S.E.2d 265, 271 (2006) (citation omitted). If a record fails to provide sufficient information to indicate whether a trial counsel's decision was the result of trial strategy, the Court of Appeals

should refrain from direct review. *State v. Berry*, 235 N.C. App. 496, 505, 761 S.E.2d 700, 706 (2014), *rev'd on other grounds*, 368 N.C. 90, 773 S.E.2d 54 (2015). When a defendant alleges an ineffective assistance of counsel claim for counsel's failure to move to suppress evidence, it is nearly impossible to make a meaningful prejudicial review because this Court "would have to hold, at least implicitly, that there was no legitimate possibility that additional relevant evidence would have been elicited had a suppression hearing been conducted." *State v. Rivera*, 264 N.C. App. 525, 536, 826 S.E.2d 511, 519 (2019). This Court can only infer as to additional evidence that may have been elicited at a suppression hearing. *Id.* at 539, 826 S.E.2d at 521. Additionally, when Defendant makes a constitutional challenge, such as a Fourth Amendment violation, a direct review by this Court is not appropriate where the issue has not been litigated at a suppression hearing. *Id.* at 537, 826 S.E.2d at 519–20.

Here, the record is not yet "cold." Both bases for Defendant's ineffective assistance of counsel claims are rooted in questions of trial strategy.

Defendant allegedly received ineffective assistance of counsel because his trial counsel failed to move to suppress evidence of blood test results. However, this Court cannot predict what may have occurred had there been a suppression hearing concerning the alleged Fourth Amendment violation of Defendant's blood withdrawal. Consequently, it would be unfeasible for this Court to make a meaningful review of prejudice. Furthermore, as the motion to suppress turns on a Fourth Amendment violation, this Court should refrain from direct review of the

issue because it has not been litigated. Therefore, we hold Defendant's ineffective assistance of counsel claim is premature and dismiss it without prejudice so Defendant may pursue the claim upon a motion for appropriate relief.

Defendant alternatively argues he received ineffective assistance of counsel because his trial counsel failed to challenge the admissibility of his blood test results for adequate foundation. The record does not indicate whether trial counsel's decision to refrain from challenging the blood test results' admissibility was a result of trial strategy. Thus, we are unable to assess this question. More information is necessary to properly assess Defendant's alternative argument. Accordingly, we dismiss Defendant's additional ineffective assistance of counsel claim without prejudice.

## B. Imposition of Jail Fees

Defendant asserts the $3,600 jail fee was a clerical error because Defendant's sentence was not an active sentence.

This Court handles issues involving alleged incorrect jail fees on direct appeal. *State v. Rowe*, 231 N.C. App. 462, 471, 752 S.E.2d 223, 229 (2013). Individuals "ordered to pay jail fees pursuant to a probationary sentence" are liable to pay the per diem rate set by the North Carolina General Assembly. N.C. Gen. Stat. § 7A-313 (2023). Jail fees are only awarded in conjunction with a probationary sentence when there is some element of jail time involved, as well. *Rowe*, 231 N.C. App. at 472, 752 S.E.2d at 230. The rate may not exceed $40 per day per prisoner. S.L. 2017-57 § 16C.2.

- 6 -

Here, the trial court judge sentenced Defendant to a term of twelve months in the Misdemeanant Confinement Program, but also suspended the sentence, placed Defendant on supervised probation for thirty months, and ordered Defendant to serve an active term of ninety days and to pay jail fees. Thus, Defendant had a probationary sentence with an element of active jail time. Therefore, jails fees may be awarded here. The jail fee of $3,600 divided by ninety days equals $40 per day, which satisfies the rate constraint established by the General Assembly. We hold that this was not a clerical error.

### III. Conclusion

In conclusion, both Defendant's claims of ineffective assistance of counsel are dismissed without prejudice. We also hold that there was no error as to the imposition of jail fees imposed on Defendant.

NO ERROR IN PART AND DISMISSED IN PART.

Judges HAMPSON and WOOD concur.

Report per Rule 30(e).