An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-431

Filed 21 January 2026

Rockingham County, No. 23CR297236-780

STATE OF NORTH CAROLINA

v.

LATOYE ANN BRITT

Appeal by defendant from judgment entered 11 September 2024 by Judge Stuart Albright in Rockingham County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Hillary F. Patterson, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for the defendant.*

PER CURIAM.

Latoye Ann Britt ("defendant") appeals from the superior court's judgment finding her guilty of one count of misdemeanor simple assault. Counsel appointed to represent defendant on appeal has submitted to this Court that, "after careful review of the record and applicable law," he "is unable to identify any issue with sufficient

merit to support an argument for relief on appeal." Therefore, defendant's counsel filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). Defense counsel requests that this court conduct an independent examination of the record for any prejudicial error.

## I.    Background

On 3 May 2023, a Rockingham County magistrate issued a warrant for defendant's arrest on the charge of misdemeanor simple assault. On 30 October 2023, defendant entered a plea of guilty in district court and was sentenced to 60 days in jail, suspended for 12 months of supervised probation. Defendant appealed to superior court on 1 November 2023.

The case came on for trial on 9 September 2024. Pamela Wilson and Cheri Chieffo, employees at a Dollar General store in Reidsville, testified for the State. Wilson testified that defendant entered the Dollar General with her daughter on 1 May 2023 and confronted Wilson about allegedly "messing" with defendant's boyfriend. Wilson stated that she thought she saw defendant moving her hand in a threatening way, so Wilson moved her hand in a defensive response. Chieffo testified that "they moved forward and everybody hit the floor[,]" and that defendant had instigated the situation. Wilson suffered a cut to her scalp, and defendant and her daughter left the scene before police arrived.

On 11 September 2024, defendant was found guilty; the trial court determined defendant was a prior record level III and imposed a sentence of 60 days in the

custody of the sheriff of Rockingham County. Defendant filed *pro se* notice of appeal on 12 September 2024. Defendant additionally filed a motion for appropriate relief on 18 September 2024, which was denied by order entered 14 October 2024.

## II.    Discussion

We first address appellate jurisdiction. Defendant has filed a Petition for Writ of Certiorari ("PWC") seeking review where the right to appeal was lost by failure to take timely action. The State has filed a motion to dismiss the appeal for failure to comply with Rule 4. Defendant filed a written notice of appeal *pro se*, which does not indicate service on the State.

However, the notice is captioned "Court of Appeals" and states defendant's intention to appeal the present case. In our discretion, we deny the motion to dismiss and grant the PWC. *See, e.g., State v. Owens*, 917 S.E.2d 505, 508–11 (N.C. Ct. App. 2025); *State v. Pender*, 243 N.C. App. 142, 146 (2015); *State v. Rowe*, 231 N.C. App. 462, 464 (2013).

Though counsel was unable to identify any discernable issue with sufficient merit to support a meaningful argument for relief on appeal, counsel "respectfully asks this [c]ourt to conduct a full examination of the record for any prejudicial error and to determine if any issue has been overlooked." In accordance with *Anders* and *Kinch*, counsel also "advised [defendant] of his right to file his own arguments" and provided defendant with a copy of the brief, the trial transcript, and the record on appeal.

Pursuant to *Anders* and *Kinch*, we are tasked with independently examining the entire proceedings to determine whether defendant's appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see also Kinch*, 314 N.C. at 102–03 ("[W]e [ ] review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." (citation omitted)). Defendant has identified the following potential issues for our review: (1) whether the charging documents sufficiently conferred jurisdiction on the trial court; (2) whether an interaction between a juror and witness constituted juror misconduct; (3) whether a video of surveillance footage from the Dollar General should have been admitted; (4) whether a motion to dismiss should have been granted for insufficient evidence; (5) whether the trial court erred in instructing the jury; and (6) whether the trial court properly calculated defendant's prior record level for sentencing.

After conducting a full and independent examination of the record, including the potential issues presented by defendant's counsel, we hold the record contains no meritorious issue which would entitle defendant to relief.

## III.  Conclusion

We hold that defendant's counsel has complied with the requirements of *Anders* and *Kinch*, and that defendant received a fair trial free from error.

NO ERROR.

Panel consisting of Judges ARROWOOD, COLLINS, and HAMPSON.

Report per Rule 30(e).